IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MICHAEL CROOKS, ) | |
| ) | Civil Action No. 11 - 385 |
| Plaintiff, ) | |
| ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| v. ) | |
| ) | ECF No. 6 |
| DR. VICTOR THOMAS, ) | |
| ) | |
| Defendant. ) | |

**OPINION**

LENIHAN, M.J.

    Currently pending before the Court is Defendant's Motion to Dismiss the Amended Complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (ECF No. 6). For the reasons set forth below, the Court will grant the motion to dismiss.

**I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY**

    Plaintiff, David Michael Crooks, commenced this action *in forma pauperis* on or about March 24, 2011, asserting a state common law claim of medical malpractice. (Compl., ¶3, ECF No. 2.) Shortly thereafter, Plaintiff filed an Amended Complaint on March 30, 2011. (ECF No. 3.) In his Amended Complaint, Plaintiff alleges that he resides in Pittsburgh, Pennsylvania. (Am. Compl., ¶1.) He further alleges that the Defendant is a resident of Pennsylvania. (Am. Compl., ¶2.)

    Plaintiff injured his ankle during a National Guard drill. He was referred to an orthopedic specialist, Defendant Dr. Victor Thomas, for treatment. (Am. Compl., ¶3.) After several visits,

Dr. Thomas recommended that Plaintiff undergo arthroscopic surgery on his left knee. (*Id.*) The surgery was performed on March 25, 2009. (Compl. ¶3.) Plaintiff alleges that during the surgery, Dr. Thomas found no injury or damage to his knee but shaved out inflammation build-up. (Am. Compl., ¶3.) Following the surgery, Plaintiff contends his pain is worse and more extensive, and additionally, has suffered nerve damage at a portal from the incision during the surgery, which required additional surgery. (*Id.*) Plaintiff further alleges that another orthopedic specialist, Dr. Akhavan, reviewed the MRIs of his knee both pre- and post-surgery, and indicated he saw no reason for the surgery. (*Id.*) In addition, Plaintiff contends that his neurologist, Dr. Spiess, has attributed the nerve damage to his knee surgery. (*Id.*)

Plaintiff alleges that after the surgery, he is unable to be on his feet or walk for more than 15 minutes without "excruciating pain" and has problems sleeping due to the pain. (*Id.*) Plaintiff claims damages in the amount of $200,000 for pain and suffering, loss of army enlistment bonus, loss of army pay, loss of school tuition, lost wages, and transportation to doctor's visits and physical therapy. *Id*.

Plaintiff instituted the present action on March 24, 2011. After a period of inactivity, on May 4, 2012, this Court issued an Order to show cause as to why a report should not be issued to a district judge recommending that this case be dismissed for failure to prosecute. (ECF No. 4.) Shortly thereafter, Plaintiff had the Summons reissued on May 22, 2012 and effectuated service on Defendant on May 23, 2012 (ECF No. 5). On June 5, 2012, Defendant filed a Motion to Dismiss (ECF No. 6) and a brief in support thereof (ECF No. 7). The Court entered an order on June 13, 2012 directing Plaintiff to file a response and/or brief to Defendant's motion on or before June 29, 2012. On July 2, 2012, the Clerk's Office docketed a Notice dated June 28, 2012 received from Plaintiff (ECF No. 9), clarifying that "the jurisdiction [he] is using for this

case is an option on the forms from the Clerk's Office that [he] filed . . . on March 24, 2011[,]" which is a malpractice suit. Plaintiff also clarified that both he and the Defendant live in Pennsylvania. (*Id.*)

While the motion to dismiss was pending, on August 28, 2012, Defendant filed a Request for Entry of Judgment against Plaintiff as to the state law professional liability claim against him for failure to file a certificate of merit within the time period required by Pennsylvania Rule of Civil Procedure 1042.3.[1]

## II.    LEGAL STANDARD – MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *Patsakis v. Greek Orthodox Archdiocese of Am.*, 339 F. Supp.2d 689, 692 (W.D. Pa. 2004) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *see also Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In the case at bar, Defendant appears to make a facial challenge. In a facial attack, the court must consider the allegations of the complaint as true, in the light most favorable to the plaintiff, similar to a motion to dismiss under Rule 12(b)(6). *Mortensen*, 549 F.2d at 891; *In re Kaiser Group Int'l, Inc.*, 399 F.3d 558, 561 (3d Cir. 2005) (citation omitted).

The Court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, Federal Rule of Civil Procedure 8(e) requires that all pleadings be construed "so as to do justice." Fed. R. Civ. P. 8(e).

---

[1] Because of the ruling herein that this Court lacks subject matter jurisdiction over this action, the Court lacks the authority to enter judgment against Plaintiff as to the state law professional liability claim as requested by Defendant on August 28, 2012 at ECF No. 13.

III.    ANALYSIS

Federal courts are courts of limited jurisdiction, possessing only that power conferred by the Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted).  As the court of appeals explained in *Abulkhair*:

> Jurisdiction in the federal courts is limited, see *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), and exists in only two circumstances: when a complaint asserts a cause of action under some provision of federal law, *see* 28 U.S.C. § 1331, or when the parties are of diverse citizenship and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of costs and interest, *see* 28 U.S.C. § 1332.

*Abulkhair v. Liberty Mut. Ins. Co.,* 441 F. App'x 927, 930 (3d Cir. 2011).  Moreover, "[t]he basis for federal court jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint." *Id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

In the case at bar, it is clear from the face of the Amended Complaint that Plaintiff fails to assert a claim "arising under the Constitution, laws, or treaties of the United States" as required for federal question jurisdiction.  28 U.S.C. §1331.  Therefore, subject matter jurisdiction cannot be predicated upon a federal question.  Nor can Plaintiff establish that this Court possesses subject matter jurisdiction over this action based on diversity of citizenship.  28 U.S.C. §1332(a).  Section 1332(a) provides in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between—
>
>     (1) citizens of different States[.]

28 U.S.C. § 1332(a)(1).  While the allegations in the Amended Complaint successfully plead an amount in controversy in excess of $75,000, they do not establish that the Plaintiff and

Defendant are citizens of different states.  Rather, the Amended Complaint, as well as the Notice filed by Plaintiff on July 2, 2012 in response to Defendant's motion to dismiss, make clear that Plaintiff and Defendant are both citizens of the same state—Pennsylvania.  Accordingly, Plaintiff cannot meet the requirements for establishing subject matter jurisdiction based on diversity of citizenship.

As no other basis exists for this Court to exercise subject matter jurisdiction over this action, the Court will grant Defendant's motion to dismiss for lack of subject matter jurisdiction.[2]

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it lacks subject matter jurisdiction over this lawsuit.  Accordingly, the Court will grant the motion to dismiss filed by Defendant, Dr. Victor Thomas.

A separate order will follow.

Dated:   August 29, 2012                                           By the Court:

   s/ Lisa Pupo Lenihan
LISA PUPO LENIHAN
Chief United States Magistrate Judge

cc:   David Michael Crooks
      91 Kendall Avenue
      Pittsburgh, PA 15202
      *Via U.S. Mail*

      Counsel of Record
      *Via Electronic Mail*

---

[2] A medical professional liability action may be brought against a health care provider for a medical malpractice claim in the court of common pleas in the county where the alleged malpractice occurred. Pa. R. Civ. P. 1006(a.1).  In addition, a party bringing a medical professional liability action must comply with the Pennsylvania Rules of Civil Procedure governing professional liability actions, *see* Pa. R. Civ. P. 1042.1 *et seq.*, and, in particular, the Certificate of Merit requirement, Pa. R. Civ. P. 1042.3.